OVERTON, J.
 

 Defendant appeals from a judgment sentencing him to the penitentiary for the period of one year .for the crime of assault with intent to rape.
 

 It appears from the stenographer’s notes, attached
 
 to the
 
 first bill of exception,
 
 that,
 
 while the accused was on the witness stand in his own behalf, the following question was propounded to him, to wit: “Is it not a fact that you have been previously charged, indicted and tried for the crime of assault with intent to rapé in this court?” Defendant answered this question as follows: “I was accused and immediately acquitted.” The defendant was again asked the same question by the prosecution, but without reference to whether he had been tried, and the accused answered the question in the same words, used by him in answering the first question. He was then asked whether he had been tried for the previous offense more than once, to which he answered that he thought he had been tried but once for it, though later corrected this, in answer to questions propounded to him by the state, by saying, substantially, that he was tried twice for the prior offense, the first trial resulting in á mistrial, and the second in his acquittal. Defendant objected to each of the foregoing questions, propounded to him, on the ground that the evidence, sought to be elicited by them, wás irrelevant. The objection' was overruled.each time it was made.
 

 The Code of Criminal Procedure, after providing in article 494 that it is not competent to impeach a witness as to collateral or irrelevant facts, provides, in article 495, that:
 

 “Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the ereRibility of the witness. But before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; provided, always, that a witness, whether he be the defendant or not, may be compelled to answer on cross-examination whether or not he has ever been indicted or arrested and how many times.”
 

 This article is found in chapter 10 of the Code, under the title, “Of Impeaching and Corroborative Evidence.” What it means, when interpreted in its entirety, is that evi-' dence of arrest, indictment, or prosecution is
 
 *142
 
 not admissible' for the purpose of impeaching or affecting the credibility of a witness that comes from any other source than the answers of the witness himself to questions, propounded to him, while on the witness stand, whether he be the accused or not. Therefore, if the witness denies that he has ever been a'r-rested or indicted, the party, propounding the questions is bound by the answers. However, it is otherwise if the witness denies that he has been convicted of crime. Then, the party seeking to affect his credibility may impeach him by producing evidence from other sources, such as the record, to show the conviction.
 

 Under this interpretation of the article it would seem that there was no error in overruling the objection. It would seem manifest, under any view of the article, that the questions relating to the arrest and indictment were permissible, under the express provisions of the proviso of the article. The sole question that is debatable was the right of the state to include, in the first question asked, concerning the arrest and indictment, an inquiry as to whether the witness had been tried, and later to profound questions touching the number of trials and their result. W e think, however, that the article fairly contemplates that the witness may be asked these questions, though prohibits his impeachment by contradicting his answers, save in the one instance where the witness fails to admit distinctly that he was convicted, when permission is granted to show that he was. That the article so contemplates would seem to flow from the fact that permission is granted to ascertain whether the witness has ever been arrested, indicted, or convicted. Therefore, the result of the arrest and indictment may be shown by interrogating the witness, in establishing whether he had ever been convicted or not, and hence the fact of trial, leading to the result, and implied in it, may be shown. The' objection was properly overruled. .
 

 The second bill of exception relates to a statement, made by the prosecution in its argument of the case, to the effect that it has been shown that the defendant in this ease was once before charged with, indicted for, and tried for, the same offense with which he is charged in this case. In the absence of any showing to the contrary, we assume that the district attorney was discussing the credibility of the accused, as a witness, when he made this statement. In discussing his credibility, the district attorney had the right to draw inferences and deductions from the evidence, touching it, whether the accused had been acquitted of the prior offense, to which reference was made, or not. Error does not appear in overruling the objection to the remark.
 

 The third bill of exception was taken to a remark made by the district attorney in his closing argument to the jury, to the effect that the jury has every reason to believe that the evidence shows the guilt of the defendant, who, it has been shown, has been guilty of the offense before. The‘verdict of the-jury, in the former ease, as the evidence disclosed, was that defendant was not guilty of the offense in that ease. The state, however, which we gather from the per curiam of the trial judge, was not, in making the foregoing remark, referring to the evidence of the arrest, indictment, and trial, in the former case, but to other evidence, which was given by the prosecutrix, showing damaging statements, made to her by defendant, concerning that ease, and which apparently formed part of the res gestse in this case. We are not prepared to hold that the trial court was in error in overruling the objection.
 

 The fourth and last bill of exception was also taken to a remark made by the district attorney in his closing argument. The
 
 *144
 
 remark or statement was as follows: “The Criminal Code of 1928 provides that an accused on trial may be questioned as to whether or not he had been charged with, indicted for, and tried for the same offense before, and the jury should consider the fact that he had been charged with, indicted for, and tried for the same offense before in determining his credibility as a witness.”
 

 ■ The district attorney was referring to the accused as a witness. The statement was legitimate argument, and is supported by our ruling on the first bill of exceptions, considered herein.
 

 For these reasons, the judgment appealed from is affirmed.
 

 O’NIELL, C. J., concurs in the decree.