LAND, Justice.
 

 Defendant is indicted for the larceny of two pairs of oil-well slips, of the value of $50, of the property of James H. Lowery.
 

 Defendant was found guilty, but the jury fixed the value of the stolen property at $25, and defendant was sentenced to serve a term of one year in the State Penitentiary.
 

 Defendant has appealed and relies for the reversal of the conviction and sentence upon seven bills of exceptions.
 

 Bills Nos. 2 and 3.
 

 Luke Case, a State witness, was asked on cross-examination if he had not in.recent years been arrested “on the charge of violation of the law.”
 

 James H. Lowery, a State witness, was also asked on cross-examination if he was not the same James H. Lowery against whom an indictment was found in Webster parish last spring, for having made an assault with a pistol in the town of Minden, La., upon the accused, Alex Blount, and if that was not the reason for his having preferred the charges against this accused, upon which this prosecution is based.
 

 The trial judge did not permit either of the State witnesses to answer the questions propounded by counsel for the defendant, on the ground that these questions were improper and immaterial. Both questions were asked to test the credibility of the State witnesses and, therefore, were proper and material.
 

 It is provided in article 495 of the Code of Criminal Procedure “that a witness, whether he be the defendant or not, may be compelled to answer on cross-examination whether or not he has ever been indicted or arrested and how many times.”
 

 .It is manifest that questions relating to arrest and indictment are permissible, under the express provisions of article 495 of the Code of Criminal Procedure. State v. Vastine, 172 La. 137, 133 So. 389.
 

 In State v. Florane, 179 La. 453, at page 460, 154 So. 417, 419, this court said: “The character of an accused person cannot be attacked by the state unless he puts his character in evidence and thereby opens the
 
 *463
 
 door. But, when he takes the stand for himself, he becomes a witness, and his credibility as such is open to attack, and, for the purpose of impeaching his credibility, he may be compelled, on cross-examination, to reveal his record concerning indictments and arrests. Such was the rule in this state long before the adoption of the Code” — citing numerous decisions of this court.
 

 Bill No. 6.
 

 Defendant was convicted on October 5, 1936, and was sentenced on October 9, 1936. On that day the minutes show: “Original motion for a new trial taken up and tried. Evidence adduced and closed.” A supplemental motion for new trial was filed on October 9, 1936, the day of sentence, and before sentence. The district attorney objected to the filing of this motion for the reason that same came too late, the defendant having been convicted on October 5, 1936; and for the further reason that the newly discovered evidence set forth in the motion was purely cumulative. Minutes, Tr., pp. 4 and 5.
 

 The objections of the district attorney to the filing of the motion were sustained, and defendant was not permitted by the court
 
 to file
 
 the supplemental motion which, of course, is not in the record so that we may. determine whether or not the newly discovered evidence contained in the motion was cumulative, or whether it sets up all the facts and would be to try the case anew, as stated by the trial judge in the per curiam to this bill.
 

 The only question, therefore, before us is whether or not the trial judge erred in refusing to permit defendant
 
 to file
 
 the supplemental motion setting forth reasons why he should not be granted a new trial.
 

 Article 505 of the Louisiana Code of Criminal Procedure, in unambiguous terms, provides that: “Every defendant
 
 has the right
 
 to move for a new trial
 
 at any time
 
 after verdict, but such motion
 
 must be filed
 
 and disposed of
 
 before
 
 sentence.” (Italics ours.)
 

 The merit or lack of merit of a motion, or a supplemental motion, for a new trial is a matter to be passed upon
 
 after the same is filed,
 
 and it is clear that
 
 the filing
 
 may be done
 
 at any time
 
 after verdict and before sentence.
 

 However, we do not, by any means, hold that a defendant may cofne into court on the day fixed for sentence and be granted, as a matter of right,
 
 a delay
 
 to file a motion or supplemental motion for a new trial, or may ask for the first time for compulsory process for his witnesses; but if he is ready to file and try such a motion on the day fixed for sentence,. this right is guaranteed to him by law, and is a substantial right which cannot be denied by the courts.
 

 Bill No. 4 has been abandoned by counsel for defendant, and we do not find any merit in the remaining bills reserved by defendant in this case.
 

 It is therefore ordered that the conviction and sentence appealed from be annulled and set aside, and that this case be remanded to the lower court for a new trial, consistent with the views herein expressed.
 

 O’NIELL, C. J., absent.