**41 So.2d 223**

**STATE v. KEEN et al.**

**No. 39274.**

March 21, 1949.

Rehearing Denied June 16, 1949.

Eugene Stanley, New Orleans, Fred J. Heintz, Covington, for defendants and appellants.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Sp. Asst. Atty. Gen., Jas. T. Burns, Dist. Atty., Covington, for appellee.

O'NIELL, Chief Justice.

The defendants, Emery A. Keen, Sr. and Jr., were prosecuted in the Parish of St. Tammany, under an indictment charging them with the theft of nine cows of the value of $1125. They were tried by a jury of five members and were convicted and sentenced to imprisonment in the penitentiary for five years. They are appealing from the conviction and sentence.

The first bill of exceptions was reserved to an erroneous interpretation given by the trial judge to article 495 of the Code of Criminal Procedure in a ruling limiting the defendants' right of cross-examination of a witness, Norman Holiday, whose testimony for the state was highly important. The objection made by the district attorney and the judge's ruling thereon are

stated completely in the bill of exceptions, thus:

"Be it remembered that Norman Holiday was duly sworn and testified as a witness on behalf of the State of Louisiana.

"The said Norman Holiday was a material witness for the State, being in the employ of Mr. A. B. Paterson, who claimed ownership of the cattle, with the theft of which the defendants were charged.

"The said Norman Holiday testified that the cattle in question were in the possession of the said A. B. Paterson in February of 1948, and claimed to be able to identify the said cattle.

"The defendant, Mr. Emery A. Keen, Sr., claimed and later testified that he had bought these nine (9) head of cattle, as heifer calves, from the former agents and employees of Mr. A. B. Paterson, and that these nine (9) head of cattle had been raised on the defendant's pasture from small calves up until the time they were about three or four years of age, and that the said Emery A. Keen, Sr., had sold these cattle to his son [Emery A. Keen, Jr.] who intended to build up a herd on his return from the United States Merchant Marine Service.

"Therefore, the question of the credibility of the said Norman Holiday as a witness became an important factor in the case, the case being one based entirely on circumstantial evidence.

"On cross-examination, the said Norman Holiday was asked by counsel for the defendants if it was not a fact that the said Norman Holiday had been convicted in Indictment No. 7205 of Washington Parish in 1931, of the crime of cattle stealing, and if he had not been sentenced to the Penitentiary to serve a term of one to four years at hard labor for the said offense.

"The said Norman Holiday admitted that he had been so convicted and had gone to the Penitentiary and had served about eleven months of his said sentence when he was released on an indefinite reprieve.

"Counsel for the defendants then asked the said Norman Holiday if it was not a fact that he, the said Norman Holiday, was also under Indictment in the case No. 7204 of the Parish of Washington for the crime of stealing a cow, alleged to have been committed on February 1, 1931, and also if he was not under Indictment in the Parish of St. Tammany in case No. 3187, charged on the 17th of October 1930, with stealing five rolls of fence wire valued at $50.00, and if he was not under Indictment in the Parish of St. Tammany in Indictment No. 3188, charged with stealing two (2) oxen on October 28, 1930, and if he was also not under Indictment in the Parish of St. Tammany in case No. 3260, charged with the larceny of two (2) cows on November 24, 1930.

"When counsel started to ask the witness Norman Holiday the questions concerning

the above four (4) Indictments which are still open and untried, the District Attorney objected to these questions and the Judge ordered the jury retired.

"In the absence of the jury, the above questions were asked the said Norman Holiday by counsel for the defendants, and he admitted that the said Indictments were open and pending against him, as above stated.

"Thereupon, the court ruled on the objection made by the District Attorney and held that counsel for the defendants could ask the said Norman Holiday whether he had not been indicted in the Parish of Washington and whether he had not been three times indicted in the Parish of St. Tammany, as above set out, and that the said indictments were still pending and untried, *but that counsel for the defendants could not bring out from the said Norman Holiday in the presence of the jury the offenses for which the said Norman Holiday had been indicted and had not been tried, but could only bring out the fact that four (4)indictments were still pending against the said Norman Holiday, but could not disclose to the jury the nature of the offenses contained in the said Indictments.* [The italics are ours.]

"Counsel for the defendants objected to the ruling of the court and reserved a formal Bill of Exceptions, and makes a part of this his said Bill of Exceptions Indictment No. 7204 of the Parish of Washing-ton, and Indictments Nos. 3187, 3188 and 3260 of the Parish of St. Tammany.

"And your defendants, Emery A. Keen, Sr. and Emery A. Keen, Jr., through their counsel, having submitted this their Bills of Exceptions to the District Attorney, now tender the same to the court and pray that the same be signed and sealed by the Judge pursuant to the Statute in such case made and provided, which is done accordingly, this 8th day of November, 1948."

"(signed):  Rob't D. Jones<br>Judge"

Article 495 of the Code of Criminal Procedure makes three separate and distinct provisions concerning the impeachment of a witness who has testified in a criminal prosecution. The first of these provisions is that, for the purpose of impeaching the credibility of the witness, evidence is admissible to prove that the witness was convicted of a crime on a previous occasion, but not to prove merely that he was arrested, indicted or prosecuted for the alleged crime. The second of these provisions is that before evidence of the previous or former conviction can be adduced from any other source than from the testimony of the witness whose credibility is sought to be impeached, he must have been questioned on cross-examination as to such conviction and must have failed distinctly to admit the previous or former conviction. And the third provision is that the witness, whether he be a defendant or be some other witness in the prosecution, may be com-

pelled to answer on cross-examination whether he has or has not been indicted or arrested theretofore and how many times.

We must bear in mind that to compel a witness to answer on cross-examination whether he has or has not been previously indicted or arrested—or even to answer whether he was ever convicted of a crime— is not the same as to compel the witness to answer whether he was guilty of the crime of which he was previously accused or convicted.

In quoting the judge's ruling from the bill of exceptions we have italicized that part of the ruling which is contrary to the provisions of article 495 of the Code of Criminal Procedure. We refer to the judge's forbidding the defendant to "bring out" from the witness Norman Holiday in the presence of the jury the offenses for which Holiday had been indicted and had not been tried, and allowing him to bring out only the fact that four indictments were still pending against Norman Holiday without disclosing to the jury the nature of the offenses charged or contained in the indictments. So far as the ability of the jury to judge of the veracity or credibility of the witness Holiday was concerned, the questioning of the witness Holiday *out of the presence of the jury* of course served no purpose. The questioning was done out of the presence of the jury for the purpose only of aiding the judge in his determining whether the evidence that the previous in-

dictments were pending against the witness Holiday might impeach his credibility in the judgment of the jury. It would be unreasonable therefore to construe this statute as meaning that the jury is entitled to know whether a certain witness who has testified in a criminal prosecution stands indicted and untried for some other crime charged against him but is not entitled to know the nature of the crime charged.

The judge in a per curiam attached to his ruling denying the defendants' motion for a new trial says that, in view of the holding by the supreme court in the case of State v. Vastine, 172 La. 137, 133 So. 389, he probably erred in limiting the cross-examination of the witness Holiday as he did in ruling upon the state's objection to the cross-examination of the witness; but that if he did err the error was harmless and would not justify the setting aside of the conviction and the granting of a new trial. By necessary implication, article 557 of the Code of Criminal Procedure requires that an appellate court shall grant a new trial in any case where the judge has allowed an improper admission or rejection of evidence, if the error constitutes a substantial violation of a constitutional or statutory right. Considering how important was the question of credibility or veracity of the witness Holiday, our opinion is that the ruling in this instance did deprive the defendants of a substantial statutory right. We cannot know what effect the error in

this instance had upon the jury in their finding of a verdict.

Having concluded that we must set aside the verdict and grant a new trial in this case, we find it unnecessary to pass judgment on any other of the several bills of exception.

The verdict and sentence are annulled and the case is ordered remanded to the district court for a new trial.

FOURNET, McCALEB and MOISE, JJ., concur in the decree.

PONDER, J., dissents.