OVERTON, J.
 

 This is a suit on an accident insurance policy for $5,000, and for legal interest on the amount of the policy from October 24, 1923, until paid. The defenses are, first, that defendant never unqualifiedly accepted the application for the insurance or unconditional; ly delivered the policy, and, secondly, that the alleged insured never accepted the policy.
 

 The case was tried on an agreed statement of facts. From this statement it appears that on June 27, 1923, Robert H. Ward, Jr., made application to defendant, through its local agent, J. A. Gance, for accident insurance in the sum of $5,000, giving his note, at ■the time of making application, for $14, to carry the insurance to October 1, 1923; the note being considered in the statement of facts as settlement of the first quarterly installment of the first premium on the policy.
 

 On July 6, 1923, it appears that defendant wrote Ward, at the address given in his application, acknowledging receipt of the application, and advising him that its local agent had failed to obtain complete information in answer to some of the questions in the application, and requesting him to answér the following questions: “As buyer for the Texas Pipe Line Company, are your duties confined to buying only? Do you do the buying of supplies? Are you required to do the handling of supplies?” Defendant received no reply to this letter, and on July 17, 1923, again wrote Ward, at the same address, repeating the questions propounded in the first letter,
 
 *778
 
 and advising him that his application was being held in suspense, and that it would be acted upon promptly upon receipt of the desired information. No answer was received to this letter*, and, though that letter and the first were duly stamped and mailed, neither was returned to defendant.
 

 On September 7, 1923, defendant wrote Ward as follows, to which it received no reply: “This policy is issued with the understanding that your duties are those of buying only. That you do no handling of sup-. plies. If this is not the case please advise us at once, as otherwise this is not the policy that will give you complete coverage,” and on September 8, 1923, defendant wrote its local agent as follows: “Rather than hold the application of Mr. Ward, in suspense any longer, we have issued the policy with a letter attached, stating that tbe application has been approved for a policy issued with the understanding that he does no handling of supplies but that bis duties are buying only. .If you find out that Mr. Ward’s duties are such that he is not entitled to the policy issued, we would appreciate it if you would not deliver the policy enclosed, but return it to us with any information you might secure regarding his duties.” This information was not obtained by the agent, and the policy was never actually delivered to Ward.
 

 On October 24, 1923, Ward was accidentally killed by 'being burned to death' in a hotel fire at Smackover, Ark. After Ward’s death, a Mr. Hargrove, one of Ward’s relatives, went to the local agent and paid the note for $14, given by Ward at the time of his application, and the agent delivered the policy to Hargrove for delivery to Ward. When the delivery was made, the agent had not learned of Ward’s death, and Hargrove did not impart to him the fact, because he was not questioned about it.
 

 After Hargrove received the policy, which was payable to Ward’s minor daughter, the true plaintiff herein, application was made to defendant for a blank form of proof of death, but defendant declined to deliver it, and demand was then made for the payment of the policy. Upon the refusal of this demand, defendant returned to the attorneys for plaintiff the $14 paid, but the attorneys returned the money to defendant, and the present suit followed.
 

 In our opinion, there can be no recovery on the policy. The issuance and delivery of the policy were not unconditional. It was issued to Ward and delivered to the agent subject to the condition that certain information was to be furnished by Ward, which defendant, up to that time, was unable to obtain from him, and to which it was entitled. The agent had something to do, namely, to obtain the information and pass upon its sufficiency, before he could actually and unconditionally make delivery.
 

 As defendant’s agent was designated by Ward, in his application, as his agent for the purpose of receiving delivery, AVard was chargeable with the circumstances under which the agent held the policy, if, in fact, he did not actually know of these circumstances. However, apparently due to the fault of Ward, who, we infer, was away from home all, or a greater portion, of this period, and with whom the agent apparently did not come in contact, the information was not received by the latter.
 

 This was the situation at the time of AVard’s death. Therefore, at the time of his death the contract was incomplete for lack of unconditional issuance and delivery of the policy, and defendant was not bound. We think that we are supported in these views by Cooley on Insurance, p. 448, and Hardie v. Ins. Co., 26 La. Ann. 242.
 

 
 *780
 
 However; plaintiff urges that the record. (loes not, disclose whether Ward’s employment required him to handle the articles he-purchased. But the answer to this is that it was unnecessary for defendant to show that, fact under the defense urged. It sufficed-for defendant to show that it had not qnconditionally accepted the risk and delivered the policy. Nor is plaintiff entitled to recover an amount equal to the amount that the premium stipulated would have paid for, in view of the increased risk, due to the handling of supplies purchased, if such were the case, for defendant had not bound itself at all at the time of Ward’s death to pay any insurance under the policy.
 

 Having reached the conclusion that defendant. is not liable, it is unnecessary for us to consider defendant’s second defense.
 

 In the court below there was judgment for the defendant. The judgment is correct.
 

 For the reasons assigned, the judgment appealed from is affirmed.