PER CURIAM.
The appellant, David Booker Kelly, appeals his conviction of the crime of aggravated burglary (La.R.S. 14:60) and sentence of twenty years at hard labor, on the basis of one bill of exceptions reserved during the trial.
In his bill of exceptions, defendant asserts that it was error to allow the prosecuting attorney to question the defendant on cross-examination concerning prior criminal convictions. We find no merit in this bill of exceptions. La.R.S. 15 :495 allows the introduction of evidence as to prior convictions for the purpose of impeaching the credibility of a witness. This Court has held, that, in so doing, only the fact of conviction is admissible and not the details of the prior offenses. State v. Brent, 248 La. 1072, 184 So.2d 14 (1966). Our review of the record discloses that, in the instant case, the prosecuting attorney kept his questions within these permissible bounds.
Neither do we find any merit to defendant’s contention in his brief that the prosecution should have laid a predicate showing that the accused had counsel at the time of his prior conviction. We agree with the state’s answer that the U. S. Supreme Court, in Loper v. Beto, 405 U.S. *871 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972) is inapplicable here.
Accordingly, the conviction and sentence are affirmed.
SUMMERS, J., concurs in the decree.
BAKER, J., concurs.