407 So.2d 662 (1981)
STATE of Louisiana
v.
Hattie Belle McKEEVER.
No. 81-KA-0398.
Supreme Court of Louisiana.
December 14, 1981.
*663 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., John R. Harrison, Lavalle Salomon, Sam Smith, Asst. Dist. Attys., for plaintiff-appellee.
Percy A. Ford, of Ford & Avants, West Monroe, for defendant-appellant.
KLIEBERT, Justice Ad Hoc.[*]
The defendant, Hattie Bell McKeever, was tried and convicted of second degree murder for fatally shooting her "common-law" husband, Rodney James Minnified, with a .12 gauge shotgun. She was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. It is from this conviction and sentence that the defendant prosecutes this appeal relying on four assignments of error.[1]
While under cross-examination, the state sought to adduce testimony from the defendant relative to the prior conviction of the crime of negligent homicide of one Ernest Norwood in 1974. When the state asked the question "Didn't you kill him in much the same manner and over the same sort of disturbance as you did R. J.?" the defendant's counsel objected and the trial judge ordered a removal of the jury. Out of the presence of the jury the prosecutor indicated that he intended to show that the defendant had actually been indicted for manslaughter but had plea bargained and plead guilty to negligent homicide. The trial judge instructed the prosecutor to exclude questions concerning the plea bargaining but allowed him to proceed with his efforts to show the nature of the offense of which defendant had been convicted. On return of the jury the case continued with the prosecutor asking and receiving answers from Mrs. McKeever showing that she had shot Ernest Norwood, her "common-law" husband while intoxicated. Additionally, in the Norwood trial, she had contended as she does here, that she did not intend to shoot and kill Ernest Norwood. She claimed the gun had gone off during a scuffle over it, even though the gun had actually been fired five times.
Defense counsel contends the inquiry had a high prejudicial effect on the jury because the evidence portrayed her as "a bad person" who killed another man under a similar set of circumstances. He argues that State v. Jackson, 307 So.2d 604 (La.1975) and its progeny should be overruled because it is in direct contravention of R.S. 15:495.
In State v. Jackson, supra, this court, while overruling prior jurisprudence to the contrary, held that in impeaching the credibility of a defense witness, the state may cross-examine the witness about the details of the prior convictions in order to show the true nature of the offense. In State v. Brown, 371 So.2d 746 (La.1979) this court, while recognizing the Jackson case, supra, has its limits, reaffirmed the principle of the Jackson case, supra, and at page 750 stated:
"[t]he trial judge has great discretion in determining the depth and length of the inquiry. This discretion will not be disturbed absent a showing of abuse."
The nature and scope of the inquiry permitted by the trial court here was well within the limits of that set by Jackson and its progeny. The trial judge did not abuse his discretion; nor do we find anything in the *664 provisions of R.S. 15:495 which requires a reversal of the Jackson case.
Counsel assumes in brief that apart from the decision in Jackson, supra, evidence relating to the death of the defendant's first common-law husband would have been inadmissible. This assumption is unfounded. In entering her plea of not guilty and not guilty by reason of insanity and her claim of intoxication, the defendant placed at issue in the trial the question of her intent. R.S. 15:446 provides that "[w]hen knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conducts or declarations of the accused as tend to establish such knowledge or intent". Evidence that on another occasion, under similar circumstances to those present here, Ms. McKeever had shot another of her common-law husbands was admissible and probative on the question of intent, for as may be noted from the defendant's assignment of error No. 4, the defense is urging lack of intent on this appeal. See State v. Monroe, 364 So.2d 570 (La.1978).
During the state's closing argument, the defendant filed a motion for mistrial grounded in the prosecutor's remarks relative to Ms. McKeever's prior conviction of negligent homicide. The trial judge's refusal to grant the mistrial is the basis for the defendant's second assignment of error here. In argument, he relies on Article 770 of the Code of Criminal Procedure which provides in pertinent part as follows:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official during the trial or in argument, refers directly or indirectly to:
. . . . .
(2) another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
. . . . .
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial..."
Since the evidence as to the prior conviction was admitted by the trial court and such admission was found to be proper here, the defendant's second assignment of error falls with the failure of the first assignment of error. This result obtains, because under the above quoted article of the Code of Criminal Procedure, the comments on which the motion for mistrial were predicated are proper where the evidence commented upon was properly admissible. State v. Johnson, 333 So.2d 223 (La.1976).
The defendant's third assignment of error is also grounded in a motion for a mistrial filed during the state's rebuttal following the defendant's closing argument. The motion for a mistrial was based on the following comment of the prosecutor:
"... Defense counsel said, well Hattie McKeever's going to have to live with your decision, well certainly R. J. Minniefield was killed back in June, June the 29th, he can't live with your decision. He was killed by this person, Hattie McKeever, when she intended to do that. She's guilty of second degree murder."
Counsel for the defendant contends the comment violates the provisions of Article 774 of the Code of Criminal Procedure because it is prejudicial. The death of the victim, R. J. Minniefield and the state's contention that the defendant, Hattie Belle McKeever as the one who killed him were facts which had already been admitted in evidence. The state and the defense are entitled to make their own deductions of what evidence establishes. State v. Preece, 270 So.2d 850 (La.1972). State v. Daniels, 262 La. 475, 263 So.2d 859 (1972). In support of his argument, defense counsel cites only a portion of Article 774 of the Code of Criminal Procedure. When the entirety of the article is considered in the light of this jurisprudence, the remarks are merely facts and contentions which were properly stated rather than prejudicial arguments.
The fourth assignment of error arises from the defendant's intoxication at the time of the commission of the offense. Mrs. Linda Armstrong, a witness called by the state testified that blood taken from the *665 defendant was tested and determined to contain 0.22 per cent alcohol. On re-cross by defense counsel, Mrs. Armstrong testified that she had seen blood alcohol contents at considerably higher levels than 0.22 per cent. She also stated that from her experience in testifying in connection with cases involving blood alcohol content, she believed that 0.22 per cent alcohol content would be sufficient for purposes of a DWI conviction. Additionally, Dr. Grodman testified that he noted a blood alcohol content of .153 and stated that intoxication is a hard thing to judge unless you know the tolerance which a particular individual has to it.
Commander Alfred Calhoun, the chief investigating officer, testified that Ms. McKeever appeared to be intoxicated when he observed her at the scene of the crime. He stated that "[s]he was unsteady on her feet, her speech was slurred, and she emitted the ... what I believed to be the odor of alcoholic beverages."
The defendant contends her conviction of second degree murder was contrary to the law and the evidence because her level of intoxication was so high as to preclude the formation of specific intent, a necessary element to the crime of second degree murder. In brief, counsel poses the question as follows:
"The legal question is succintly posed as to how can a person be legislatively presumed to be so intoxicated as to be unable to safely operate a motor vehicle and conduct his driving affairs with a blood alcohol content in excess of 0.10 blood alcohol content under La.R.S. 32:662, but yet be found by the jury to be competent and able to form specific criminal intent to commit second degree murder of another human being? Such a result is entirely inconsistent to the application of common sense and reason and, accordingly, contrary to the law and the evidence adduced in this case."
The issue of intoxication was made the primary defense. Counsel for defendant sought and obtained special charges to the jury on the issue of intention and the law concerning intoxication. The jury heard the defendant testify as to her condition as well as that of the other witnesses. Despite the defense and efforts of defense counsel, the jury unanimously found the defendant guilty of the crime of second degree murder.
There was ample evidence for the jury to conclude defendant's actions were conscious and intentional acts. In addition to the evidence as to intoxication there were two eyewitnesses to the shooting who testified at the trial as to how the shooting took place. An expert witness testified that the shotgun was fired at a distance of approximately fifteen (15') feet from the victim.
The jury is the ultimate trier of the facts. The jury's discretion should only be impinged upon to the extent necessary to guarantee the fundamental protection of due process of law. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We find no basis to impinge upon the jury's discretion in this case.
For the reasons stated the defendant's conviction and sentencing are affirmed.
CALOGERO, J., concurs and assigns reasons.
CALOGERO, Justice, concurring.
I concur in affirming defendant's conviction and sentence because the majority of this Court over the dissent of three justices including myself, has resolved favorable to the prosecution the issue of whether the state may cross-examine a witness about the details of prior convictions. State v. Jackson, 307 So.2d 604 at 610 (La.1975).
NOTES
[*] Judges Thomas J. Kliebert and Robert J. Klees of the Court of Appeal, Fourth Circuit, and Judge Ned E. Doucet, Jr., Court of Appeal, Third Circuit, participated in this decision as Associate Justices ad hoc joined by Chief Justice John A. Dixon and Associate Justices Pascal F. Calogero, Jr., James L. Dennis and Jack C. Watson.
[1] Argument on assignment of error No. 5 is not briefed and is considered as abandoned. State v. Richmond, 284 So.2d 317 (La.1973).