444 So.2d 334 (1983)
STATE of Louisiana
v.
Paulfry R. ANTOINE.
No. 83 KA 0817.
Court of Appeal of Louisiana, First Circuit.
December 22, 1983.
*335 Ossie Brown, Dist. Atty., Baton Rouge by Ralph Roy, Asst. Dist. Atty., for plaintiff-appellee.
Johnny Wellons, Baton Rouge, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
Defendant, Paulfry R. Antoine, was charged by bill of information with armed robbery of Lesley E. Moore in violation of LSA-R.S. 14:64. Upon trial by jury, he was found guilty as charged. Defendant's motion for post-verdict judgment of acquittal was denied. Thereafter, the trial court sentenced Antoine to be confined in the custody of the Secretary of the Department of Corrections, State of Louisiana, for a period of seven years at hard labor without benefit of probation, parole or suspension of sentence. The court gave the defendant credit for time served and recommended that Antoine serve his time at DeQuincy. From his conviction and sentence, the defendant has appealed.
The basic thrust of Antoine's appeal is that there was insufficient evidence to prove the essential elements of the crime of armed robbery. He also raises the issue of the introduction of his taped inculpatory statement.

FACTS
On September 8, 1982, the defendant and two companions, Calvin Varise and Felton Stewart, were arrested and booked with armed robbery of a Stop-N-Go Store located in East Baton Rouge Parish. The crime took place at about 3:20 a.m. in the morning of that date. Antoine and Varise took Antoine's mother's car, without permission, to pick up Stewart at about 2:00 a.m. Before picking up Stewart, they stopped to buy gasoline for the car. After picking up Stewart, they drove around for about 45 minutes. They were in the Glen Oaks area of Baton Rouge when they decided to commit a robbery. Varise got a handgun that he had placed under the front seat of the *336 car. Shortly thereafter, Varise and Stewart got out of the car near the Stop-N-Go Store. Stewart was the first to go into the convenience store. He purchased some miscellaneous items. As he left the store, Varise came in with his gun drawn and told the clerk, Lesley E. Moore, to open the cash register and move away. Stewart was then standing outside the door. Varise took three five-dollar bills and six onedollar bills from the register. Varise and Stewart left the store and were picked up by Antoine who had waited in the car for them.
After the robbery, Antoine was given the stolen money. The defendant then drove to an apartment complex across from another Stop-N-Go Store where police officers observed them, and eventually apprehended them, at which time the stolen money was found in the pocket of Antoine.
The suspects were given their Miranda rights, and taken back to the store where the crime was committed. When the suspects were shown to the victim, he made positive identifications of Varise and Stewart. He could not identify Antoine, who had not entered the store. The accuseds were taken to the Sheriff's Office, and booked with armed robbery. At 5:00 a.m. on September 8, 1982, Antoine, after being read his Miranda rights again, made an oral statement that he had participated in the armed robbery. Then, the defendant, at 10:00 p.m. on September 8, 1982, after being again read his Miranda rights and signing a consent form, gave a detailed taped statement to the detectives, which showed his participation in the crime.
Sufficiency of Evidence of Criminal Intent
On review of the sufficiency of the evidence to support a criminal conviction, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the defendant committed the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bland, 419 So.2d 1227 (La.1982).
On this question defense counsel argues that the evidence fails to prove the essential element of specific intent.
Criminal intent is defined in LSA-R.S. 14:10 as follows:
Criminal intent may be specific or general:
(1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender, actively desired that prescribed criminal consequences to follow his act or failure to act.
(2) General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.
It is true that a specific criminal intent is an essential element of the crime of armed robbery. However, intent is a state of mind which need not be proven as a fact, but may be inferred from the facts and circumstances of the transaction and the actions of the defendant. See LSA-R.S. 15:445; State v. Boyer, 406 So.2d 143 (La.1981); State v. Owens, 301 So.2d 591 (La.1974).
Specific intent is an ultimate legal conclusion to be resolved by the trier of fact. State v. Graham, 420 So.2d 1126 (La.1982). The defendant was tried by a jury of his peers. The jury returned a verdict of guilty as charged. The jury, being the ultimate trier of fact, has necessarily reached the conclusion that specific intent was present, along with all of the other elements, for armed robbery.[1]
*337 We find that this conclusion is within the jury's discretion. The jury's discretion should be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson v. Virginia, supra; State v. McKeever, 407 So.2d 662 (La.1981).
We hold that the verdict of guilty of armed robbery is clearly supported by the evidence in this case.

Admissibility of Taped Statement
Defendant further argues that the trial court erred in failing to suppress the taped statement by Paulfry Antoine. It is defendant's contention that the state failed to show that the statement was freely and voluntarily given.
The determining factor as to the admissibility of the taped statement is whether it was freely and voluntarily given and not the result of threats, coercion or promises. The voluntary nature of the statement must be proved beyond a reasonable doubt. It is also necessary that the state establish that the defendant who makes an inculpatory statement during custodial interrogation has been informed of his "Miranda rights." State v. Taylor, 422 So.2d 109 (La.1982).
The record shows that Antoine was fully advised of his rights and that he understood them. There is no evidence of coercion or inducement. Sergeant Murphy testified that Antoine was advised of his Miranda rights before the interrogations. The police officer also testified that no threats or promises were made to the defendant. The consent form executed by Antoine prior to the statement was introduced in evidence.
There is no merit to defendant's contention that the taped statement was erroneously admitted in evidence.
Proof of Defendant's Participation in the Crime
Defendant argues that the state failed to prove beyond a reasonable doubt that he participated in the crime of armed robbery. Specifically, he objects to being tried as a principal defendant.
Admittedly, defendant did not hold the gun or personally empty the cash register; however, he aided and abetted his co-defendants in the commission of the crime. He drove them to and from the convenience store, and watched them go into the store. More important, he knew in advance of their plans, took part in the discussion of the proposed robbery, knew Varise had the gun, received the stolen money, and drove the vehicle which enabled them to flee the scene of the crime.
There can be no doubt that the defendant participated in this armed robbery as a principal as defined by LSA-R.S. 14:24.
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
The circumstances of this case and the actions of Antoine clearly prove specific intent. Testimony given by Varise shows that Antoine drove him and Stewart to the Stop-N-Go Store where the armed robbery occurred. Further testimony was given that while driving to the convenience store, there was talk of committing an armed robbery with a gun that was in the car.
Here, the evidence proves beyond a reasonable doubt the necessary element of an intent to commit a theft or felony. One can only reasonably believe that Antoine and his two companions went to the convenience store with specific criminal intent to steal money through the use of a handgun to force the store's clerk to give them what *338 money there was in the cash register. See LSA-R.S. 14:64, 67.
A careful reading of the entire record convinces us that there was sufficient evidence upon which the jury could base its findings that the defendant was guilty of armed robbery beyond a reasonable doubt. We are further convinced that it has been affirmatively shown beyond a reasonable doubt that the defendant's statement was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises, and was thus properly admissible in evidence.
For the foregoing reasons, the conviction of the defendant is affirmed.
AFFIRMED.
NOTES
[1] LSA-R.S. 14:64 provides in part:

Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.
LSA-R.S. 14:67 provides in part:
Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.