450 So.2d 396 (1984)
STATE of Louisiana
v.
Adrian C. PERKINS.
No. 83 KA 1232.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Writ Denied June 25, 1984.
*397 Ossie B. Brown, Dist. Atty., Baton Rouge, for plaintiff-appellee.
Kathleen Stewart Richey, Asst. Public Defender, Baton Rouge, William J. Guste, Jr., Atty. Gen., New Orleans, for defendant-appellant.
Before COVINGTON, COLE and SAVOIE, JJ.
COVINGTON, Judge.
The defendant, Adrian C. Perkins, was charged by bill of information with simple burglary of an inhabited dwelling belonging to Carl Bynum on June 15, 1982, in violation of LSA-R.S. 14:62.2. Defendant was convicted and sentenced to be confined in the custody of the Secretary of the Department of Corrections, State of Louisiana, for a period of ten years. The defendant has appealed, assigning five errors. The first three assignments, dealing with motion to suppress, inadmissibility of defendant's inculpatory statement, and objection to evidence, have not been briefed and are considered abandoned. Uniform Rules of Courts of Appeal, Rule 2-12.4. On appeal, defendant relies on two assignments of error: insufficient evidence and excessive sentence. There is no merit in either assignment, so we affirm the conviction and the sentence.
On June 15, 1982, Carl Bynum returned to his Baton Rouge home after a brief, maybe 5-minute, visit with friends a few houses from his on the same street, Tecumseh Avenue. Noticing that the lock on the back door had been pried open, he entered the house, observed the defendant standing in his kitchen and all of the kitchen cabinet drawers open; then he procured a toy pistol and held the defendant, who had a screwdriver in his back pocket, until the police arrived. The defendant was advised of his Miranda rights and arrested. The defendant related conflicting stories for being in the victim's home (he was not acquainted with the victim), such as, he needed a drink of water and he thought someone else lived in the house.
ASSIGNMENT OF ERROR NO. 4: Sufficiency of evidence.
The defendant contends that the trial court erred when it accepted a verdict based on insufficient evidence. Specifically, it is contended that the State failed to prove that Perkins had the requisite "intent to commit a felony or any theft" when he was found in the inhabited dwelling by the owner.
Defendant's argument is concerned with the legal sufficiency of the evidence. Defendant argues that, since nothing was actually taken from the residence, and defendant gave other reasons for his presence in the house, the State did not prove defendant possessed the intent to commit a felony or theft therein, an essential element of the crime of simple burglary of an inhabited dwelling. LSA-R.S. 14:62.2.
The Court held in State v. Dixon, 432 So.2d 1025 (La.App. 1st Cir.1983), that when reviewing the sufficiency of evidence, it must be determined whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, citing Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
On this question, defense counsel argues that the evidence fails to prove the essential element of "the intent to commit a *398 felony or any theft" of the inhabited dwelling.
Criminal intent is defined in LSA-R.S. 14:10 as follows:
Criminal intent may be specific or general:
(1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired that prescribed criminal consequences to follow his act or failure to act.
(2) General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.
It is true that a specific criminal intent is an essential element of the crime of simple burglary of an inhabited dwelling. LSA-R.S. 14:62.2. However, intent is a state of mind which need not be proven as a fact, but may be inferred from the facts and circumstances of the transaction and the actions of the defendant. See LSA-R.S. 15:445; State v. Boyer, 406 So.2d 143 (La.1981).
Specific intent is an ultimate legal conclusion to be resolved by the trier of fact. State v. Graham, 420 So.2d 1126 (La.1982). The defendant was tried by a jury of his peers. The jury returned a verdict of guilty as charged. The jury, being the ultimate trier of fact, has necessarily reached the conclusion that specific intent was present, along with all of the other elements, for simple burglary of an inhabited dwelling.
We find that this conclusion is within the jury's discretion. The jury's discretion should be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson v. Virginia, supra; State v. McKeever, 407 So.2d 662 (La.1981).
According to the testimony of Carl Bynum, the owner of the home, as he was entering the house from the rear, he noticed that the lock which secured the door had been pried off. While Bynum had the defendant at gun point, he removed a screwdriver from the defendant's rear pocket. While waiting for the police to arrive, Bynum noticed that all of the kitchen cabinet drawers were pulled out. He testified that he could not tell whether they appeared to have been rummaged through. When asked whether it was possible that either he or his wife had neglected to shut the drawers, Bynum's response was, "No way."
The defendant was advised of his Miranda rights at the scene by one of the police officers. When asked why he was inside the Bynum residence, the defendant gave various conflicting excuses, to-wit, that he wanted a drink of water and that he thought someone else lived there.
Given the significance of Bynum's testimony, the manner in which the defendant was discovered by Bynum, the way in which the lock was broken from the door, the drawers pulled out, and the inconsistent excuses given by the defendant, any rational fact finder could reasonably infer that the defendant intended to commit a theft within the residence.
We find sufficient evidence was presented by which the trier of fact could find the essential elements of the crime proven beyond a reasonable doubt. Defendant's presence in the home of a total stranger, made by forcible entry, coupled with evidence that defendant had searched the kitchen excludes every reasonable hypothesis but that he had the intent to commit a theft therein.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 5: Excessive sentence.
The defendant urges on appeal that the trial court erred in imposing an excessive sentence. The maximum sentence which can be imposed for the crime of simple burglary of an inhabited dwelling is twelve years. LSA-R.S. 14:62.2. The penalty imposed in the instant case was ten years.
*399 The trial judge has wide discretion, though not unbridled, in the imposition of sentence within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La. 1979); and given compliance with the sentencing criteria of LSA-C.Cr.P. art. 894.1, the sentence imposed will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Fleming, 428 So.2d 947 (La.App. 1st Cir.1983), writ denied, 434 So.2d 410 (La.1983).
The trial judge's reasons for imposing sentence, as required by LSA-C. Cr.P. art. 894.1, are an essential aid to the appellate courts when reviewing a sentence for excessiveness and abuse of discretion. State v. Spencer, 374 So.2d 1195 (La.1979). Article 894.1 sets forth three factors which justify a sentence of incarceration and eleven factors which, although not excusing the defendant's conduct, tend to lessen his culpability. The trial judge is required to state for the record both the considerations he has taken into account and the factual basis for the imposition of sentence.
As the record reflects, the trial judge went to exceptional lengths in the tailoring of this sentence to the defendant's rehabilitational needs, character traits, and criminal propensities while simultaneously guarding the public's interest.
The defendant argues that his action did not cause harm to anyone. The court below noted:
... [T]he Court finds that you did not act under any provocation from any person whatsoever. This was a decision decided by you, and you broke into this man's home. I find no grounds tending to excuse or justify your criminal conduct. Also, the victim in this case did not induce or facilitate the commission of this offense.
The confrontation between a burglar and the victim-homeowner who happens to come back to his residence before the culprit has had time to escape is a potentially serious or fatal event.
In citing reasons for incarceration, the trial judge stated that the defendant had quite a lengthy juvenile, as well as adult, criminal record. He has committed many misdemeanors and has been arrested for many serious crimes. Many prior charges have been dismissed for a variety of reasons, but the defendant still has a number of charges pending.
Based on this, we find that the sentence was properly fixed to fit the defendant's rehabilitational needs without placing undue risk on society. The record reflects that the trial judge accorded proper weight to any and all mitigating factors, considering that he saw fit not to impose a longer prison term upon the defendant.
The victim in no way induced or facilitated the commission of the offense. The judge considered that the defendant's conduct was such that the same or similar crimes were likely to recur. It was in this context that the trial judge concluded that there was an undue risk that during a suspended, probated or lesser sentence the defendant would commit another crime; that the defendant was in need of correctional attention, treatment and supervision; and that a lesser sentence would diminish the seriousness of the crime. In summation, the record shows the trial judge's articulation of reasons for sentence are more than adequate to meet the statutory criteria.
The sentence imposed is well within the statutorily defined range, and does not appear grossly disproportionate to the severity of the crime and does not appear to be imposed merely for the purposeless and needless imposition of pain and suffering. State v. Brown, 412 So.2d 998 (La.1982). Consequently, this assignment is without merit.
We affirm the conviction and sentence.
AFFIRMED.