PRESTON H. HUFFT, Judge Pro Tem.
Defendant, Michael Joseph, was charged March 27, 1984 by bill of information with the crime of armed robbery, a violation of R.S. 14:64. He was tried before a twelve person jury, found guilty as charged and sentenced.
On the evening of January 25, 1984, Stacy Washington, an employee of the Silhouette Lounge in New Orleans, Louisiana was preparing to close for the night, when she was assaulted by a single assailant, who placed a shotgun in her face and or *1110 dered her to open the cash register. After taking the large denomination bills, the gunman forced Ms. Washington outside and took her jewelry. Ms. Washington looked back as she was running toward the lounge and saw her assailant get into a blue car driven by a man, whom she later identified as the defendant, Michael Joseph. Ms. Washington had observed the defendant as a patron in the lounge earlier in the day when he purchased cigarettes.
In March 1984, the police showed Ms. Washington a photograph of a police lineup. Ms. Washington identified the defendant as the driver of the car. She also identified the gunman in the photograph.
Two witnesses testified that on the day of the robbery, but prior to the time of the robbery, they saw the defendant and another man riding in a blue car.
Two witnesses testified that they saw the defendant at the Famous Theater Disco during the time the robbery occurred. The defendant took the stand and denied being at the Silhouette Lounge on January 25, 1984.
The defendant did not file an assignment of errors but requests this court to review the record for errors patent on the face of the record, which would result in the reversal of his conviction. We find no such errors.
In accord with State v. Raymo, 419 So.2d 858 (La.1982); we have reviewed the record for sufficiency of the evidence.
R.S. 14:64(A) defines armed robbery as follows:
“A. Armed robbery is the theft of anything of value from the person of another or which is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.”
R.S. 14:24 defines principals as follows: “All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.”
Evidence presented at the trial established that Michael Joseph drove the getaway car after Ms. Washington had been robbed by an assailant armed with a shotgun. Although the defendant and two witnesses testified that Michael Joseph was at the Famous Theater Disco at the time of the robbery, the jury chose not to believe the alibi.
It is well established that the driver of the get-away car is a principal to the crime of armed robbery. State v. Antoine, 444 So.2d 334 (La.App. 1st Cir.1983)
The standard for reviewing the sufficiency of the evidence, mandated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), is that the reviewing court must determine that the evidence, viewed in the light most favorable to the prosecution, is sufficient for a rational juror to conclude that the defendant is guilty of the crime beyond a reasonable doubt.
Viewed in this light, the evidence is sufficient to support the defendant’s armed robbery conviction.
AFFIRMED.