KLEES, Judge,
On July 21, 1987, the defendants were each charged by bill of information with possession of phencyclidine. On October 19, 1987, a twelve-member jury found the defendants guilty as charged. On October 30, 1987, the court sentenced Smith to ten years at hard labor and Carter to eight years at hard labor. The State filed a multiple bill against each of the defendants. Defendant Smith was found to be a second offender and was resentenced to fifteen years at hard labor. From these convictions and sentences both defendants appeal.
FACTS:
At trial Officer Ed Perkins, NOPD, testified he and Officer Sherman Joseph were flagged down at Paris Avenue and Industry Street by a passerby who reported an incident at a Texaco Station at Paris and Gentilly Blvd. The officers proceeded to the location and met a female who said an unknown male had just snatched her four year old daughter, ran down the street with her, then threw her to the ground. The officers began searching for the assailant. They saw the two defendants riding bicycles toward them and they attempted to ask them if they had seen the man. The defendants approached the police car, and when Joseph asked the question, both men fled hurriedly on the bicycles. As they fled, Smith reached into his waistband and threw a bag of handrolled cigarettes to the ground. Perkins chased Smith and Smith threw down a brown bottle. Smith then tripped, and Perkins caught him. Perkins recovered the bag and bottle. Perkins searched Smith and discovered thirty dollars in one dollar bills.
Joseph testified that after he and Perkins got the report at the Texaco Station and began searching for the assailant, he noticed the two defendants riding bicycles toward them. Smith had on a green and white striped shirt similar to the one described by the mother at the Texaco Station. When Joseph attempted to talk to the men, they fled. Joseph saw Smith discard a “coin envelope” containing the cigarettes. As Perkins chased Smith, Joseph chased *218 Carter. Joseph caught Carter about a half of a block away and Carter discarded a small glass bottle.
The officers brought the defendants back to the Texaco Station, but the mother said neither was the man who had taken her child.
The parties stipulated at trial that laboratory tests revealed the cigarettes contained marijuana and the bottles contained phencyclidine.
Smith testified he and Carter were riding their bicycles on Lafreniere Street. A police car was in the middle of the street with a lot of people surrounding it. They passed the car on their bikes. The police car came up behind them, and they attempted to get out of the car’s way. One officer got out of the car and began chasing Smith. Smith stopped to get off of his bike to see what the officer wanted, and the officer threw him to the ground. The other officer jumped out of the car and chased Carter. Smith denied possessing the marijuana and phencyclidine.
Carter testified to the same story as Smith’s and said Joseph apprehended him.
In their sole assignment of error, defendants argue the State impermissibly asked questions about the prior convictions of defendant Smith and the trial court incorrectly denied the defense motion for mistrial.
BY MS. SWEENEY:
Q. The conviction for the attempted burglary in 1982, was that for a home or a business?
A. Business
Q. What kind of business?
A. Shoetown.
Q. And how did you break in there?
A. Got in through the roof.
MR. MEYER:
I’m going to object to that. The man has uncategorieally admitted the commission of the crime.
THE COURT:
Objection overruled.
MR. MEYER:
I don’t know what the relevance is to this case.
THE COURT:
The objection’s been overruled.
BY MS. SWEENEY:
Q. How did you break into Shoetown?
A. Through the roof.
Q. What were you going to get in there?
MR. MEYER:
Judge, what’s the purpose of this?
MS. SWEENEY:
I’m trying to establish the witness trying to get the money to buy drugs.
THE COURT:
The objection’s overruled. Counsel is permitted to show a limited amount of details to let the jury know the circumstances.
MR. MEYER:
Judge, I think the law says if there’s a categorical denial or if there’s been a reduction in the charge—
THE COURT:
No, that’s not what the law says.
BY MS. SWEENEY:
Q. Okay, Mr. Smith, what were you going inside the Shoetown, breaking through the roof to obtain; what were you trying to get?
A. Jeans.
Q. What were you going to do with the jeans?
A. Sell them.
Q. Sell them for money?
A. Yes.
Q. Now were you going to use this money to buy drugs?
A. No.
Q. Now the concealed weapon, is that from 1982/1983?
A. Yes.
MR. MEYER:
Make the same objection for the record.
THE COURT:
All right.
*219 BY MS. SWEENEY:
Q. in that case you were found to be carrying a .25 caliber automatic?
A. Yes.
Q. And you had six live rounds; is that correct?
A. Yes.
Q. Were you going to another Shoe-town?
(Tr. 49-51).
■ R.S. 15:495 provides in pertinent part, “Evidence of conviction of crimes, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the witness ...” State v. Jackson, 307 So.2d 604, 608 (La.1975), held "... there is no error in the cross-examination of a witness which seeks details of an offense for which the witness is convicted, for the purpose of establishing the true nature of the offense.” The Jackson rule has been expanded to allow impeachment of a defendant concerning details of prior convictions. State v. Tatum, 506 So.2d 584 (La.App. 4th Cir.1987). “Since it is the bad act and not the conviction which is relevant to credibility, details of the bad act are also relevant.” Id. at 590. Jackson has been criticized and' some limits have been placed on the Jackson cross-examination because of the danger of prejudice; State v. Oliver, 387 So.2d 1154 (La.1980); on remand 430 So.2d 650 (La.), cert. den. Oliver v. Louisiana, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983); however, the trial judge has great descretion to control the length and depth of the examination depending upon the facts of the case. State v. Neslo, 433 So.2d 73 (La.1983); Tatum, supra. In Tatum, the defendant admitted a prior conviction for possession of marijuana and the State asked if the defendant had initially been charged with distribution. This court found no prejudice in the inquiry. The Supreme Court in State v. Truitt, 500 So.2d 355, 357-358 (La.1987), approved questioning of a defendant about his prior conviction of simple battery.
The court stated: “The cross-examination was designed to bring out the true nature of the offense but did not call for any details as to arrest, indictment or prosecution, as interpreted by our previous decisions. The questioning was limited by the trial court and did not range into minor details, irrelevant matters, conditions of probation, uncharged offenses or dropped charges.” Id. at 359.
The questioning in this case appears to fall within the type described in Truitt and ruled correct. The questioning was designed to bring out the true nature of the offense and did not range into minor details. It did not even approach the questioning in Tatum in that it did not discuss charges that were brought and later reduced. Accordingly, we conclude that the questioning was permissible. This assignment is without merit. We have additionally examined this record for errors patent and have found none.
Accordingly, for the reasons expressed above, the convictions and sentences are hereby affirmed.
AFFIRMED.